UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H.B. *by his mother and natural guardian Jennette Lotrean*, and JENNETTE LOTREAN,

                           *Plaintiffs*,


                       -against-


THE COUNTY OF SUFFOLK, *et al.*,

                           *Defendants*.
-------------------------------------------------------------X

FILED
CLERK
**10/8/2025**
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

<u>**ORDER**</u>

24-cv-07067 (SJB) (JMW)

**A P P E A R A N C E S :**

    Peter E. Sverd
    **Law Offices of Peter Sverd, PLLC**
    255 Broadway, Suite 613
    New York, NY 10007

    Jon Alec Stockman
    **The Law Office of Jon A. Stockman**
    11 Broadway, Suite 615
    New York, NY 10004
    *Attorneys for Plaintiffs*

    *No Appearance from Defendants*

**WICKS,** Magistrate Judge:

    Plaintiff H.B., by his mother and natural guardian Jennette Lotrean, and Jennette Lotrean

(collectively "Plaintiffs") commenced the underlying action on October 18, 2024 asserting

causes of action against the Suffolk County Defendants[1] and Nassau County Defendants[2] for: (i) conspiracy to violate Plaintiffs civil rights against individual defendants in their official capacities as employees of the Town of Suffolk County and the County of Nassau, (ii) fabrication of evidence/denial of the right to a fair trial against individual Defendants employed by the County of Nassau, (iii) fabrication of evidence/denial of the right to a fair trial against individual Defendants employed by the County of Suffolk, (iv) malicious abuse of process against individual Defendants employed by the County of Suffolk and the County of Nassau, (v) the right to petition against individual Defendants, and (vi) negligent retention hiring. (ECF No. 1 at pp. 21-28.)

Lotrean is the biological and natural guardian of H.B., a minor child who, at all relevant times, was under the age of five. (*Id.* at ¶¶ 1-2.) H.B. resided with his mother and had visitations with his biological father, Dwight Bruno ("Bruno"), at Bruno's residence. (*Id.* at ¶ 28.) Bruno resided with Rebecca Castillo-Heller a/k/a Rebecca Heller ("Heller"), at the same residence. (*Id.* at ¶ 29.) On April 1, 2022, Plaintiff Jennette observed H.B. exhibiting behavior suggestive of sexual abuse involving Bruno and reported H.B.'s initial disclosures to the Suffolk County Police Department. (*Id.* at ¶¶ 30-33.) H.B. subsequently made further disclosures to Lotrean on April 4,

---

[1] The "**Suffolk County Defendants**" are comprised of: the County of Suffolk, Suffolk County Commissioner of Social Services Frances Pierre, CPS Senior Caseworker Leslie *Krieger Individually and in her Official Capacity*, Caseworker Ida Santos *Individually and in her Official Capacity*, Caseworker Ashley Lawrence *Individually and in her Official Capacity*, Senior Caseworker Heidi Lobianco *Individually and in her Official Capacity*, CPS Supervisor/Bureau Chief Dennis Nowak *Individually and in her Official Capacity*, Suffolk County Detective John Barrios *Special Victims Unit Individually and in his Official Capacity*, CPS Supervisor/Bureau Chief Traci Barnes *Individually and in her Official Capacity*, and Caseworker Ashley Burke *Individually and in her Official Capacity*.

[2] The "**Nassau County Defendants**" are comprised of: the County of Nassau, Nassau County Department of Social Services, Nancy Nunziata *Commissioner, Individually and in her Official Capacity*, Mary Nealy *Supervisor Nassau County Attorney's Office Individually and in her Official Capacity*, and Tracy Aull *CPS Agent Individually and in her Official Capacity*.

2022, describing additional instances of sexual abuse that allegedly occurred at Bruno's residence. (*Id.* at ¶ 35-37.)

The Complaint details repeated attempts by Lotrean from April of 2022 to March of 2023 to report and prevent the alleged sexual incidents from occurring to H.B. (*See id.* at ¶¶ 41, 56, 76-79.) These attempts, according to the Complaint, were either unanswered or not diligently investigated by members of the Suffolk County Special Victims Unit and Child Protective Services (*see id.* at ¶¶ 39-49) as well as the Nassau County Child Protective Services. (*See id.* at 90, 110, 113, 132, 136.) Accordingly, Plaintiff brought this action seeking $5 million for emotional and psychological distress, mental anguish, and anxiety, in addition to punitive damages and an award of attorneys' fees, based on the acts, omissions, recklessness, corruption, and/or dereliction of duty by all Defendants. (*Id.* at p. 28.)

The parties are presently before the Court on Plaintiffs' motion to compel discovery from the Nassau County Defendants, namely that: (i) certain documents be re-produced with less redactions, (ii) messages and communications from certain individuals working for Nassau County be produced, (iii) documents relevant to Plaintiffs' negligent retention hiring claim be produced, and (iv) documents relating to a separate Child Abuse and Maltreatment report generated against Lotrean be produced. (*See generally* ECF No. 57.) Though afforded an opportunity to oppose this motion, counsel for Nassau County Defendants have not done so.[3] (*See* Electronic Order dated September 10, 2025.)  The motion is therefore unopposed.

---

[3] As counsel for Plaintiffs flags, Victoria LaGreca, counsel for the Nassau County Defendants, notified counsel for Plaintiffs on September 3, 2025 that she was leaving the Nassau County Attorney Office. (ECF No. 57 at p. 2.) Her cases, according to LaGreca, were "all in the process of being re-assigned to other attorneys" and the current action "will most likely be re-assigned to either Nick Zotto or John Carnevale." (*Id.*) To date, Ms. LaGreca has not filed a motion to withdraw as attorney, nor has Mr. Zotto, Mr. Carnevale, or any other attorney for the Nassau County Defendants appeared.

## DISCUSSION

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citation omitted). "Rule 26 of the Federal Rules of Civil Procedure, as amended in 2015, provides that a party is entitled to discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Pincus Law Group, PLLC v. MJ Connections, Inc.*, No. 23-cv-05528 (SJB) (JMW), 2025 WL 1070384, at *2 (E.D.N.Y. Apr. 9, 2025) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)) (quoting Fed. R. Evid. 401). "'Relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-cv-00428 (SJB) (JMW), 2025 WL 1808677, at *3 (E.D.N.Y. July 1, 2025) (quoting *Goss v. E.S.I. Cases & Accessories, Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019)).

It is under this framework that the Court considers each of Plaintiffs' requests.

### A. Redactions in the Nassau County Defendants' Document Production

Counsel for Plaintiffs raises that the Nassau County Defendants have "over-redacted" some documents already produced. (*See* ECF No. 57 at p. 2.) Counsel for Plaintiffs notes that despite redacting portions of documents as personally identifiable information, the Nassau County Defendants also redacted large paragraphs of information, including those pertaining to

interviews conducted as part of the investigation into the allegedly inappropriate sexual misconduct in this case. (*See id.* at pp. 2-3.)

"If non-privileged communications are mixed in with the privileged communications, then the documents must be redacted and produced. Defendants cannot withhold an entire document if only one part of it is privileged." *TIG Ins. Co. v. Swiss Reinsurance American Corp.*, No. 21 Civ. 8975 (NSR) (JCM), 2023 WL 6058649, at *5 (S.D.N.Y. Sept. 18, 2023) (directing the production of non-privileged portions of a document "even though the section following this contains legal advice from outside counsel that may be redacted") (citation omitted omitted). The privileged information that comes in redacted format "should be described in a properly executed privilege log." *Breon v. Coca-Cola Bottling Co.*, 232 F.R.D. 49, 55 (D. Conn. 2005).

Indeed, the proper procedure is for the allegedly privileged communications to be produced in *redacted* format, but that the non-privileged information within the same document be produced in *unredacted* format. *See Breon*, 232 F.R.D. at 55 ("It is not proper to withhold an entire document from discovery on grounds that a portion of it may be privileged. Where a document purportedly contains some privileged information, the unprivileged portions of the document must be produced during discovery. The proper procedure in such instances is to redact the allegedly privileged communication, and produce the redacted document"); *see also Int'l Cards Co. v. Mastercard Int'l Inc.*, No. 13-cv-02576 (LGS) (SN), 2014 WL 4357450, at *5 (S.D.N.Y. Aug. 27, 2014) (permitting the redaction of portions of a document that were protected under the attorney-client privilege, but requiring the production of the remainder of the document in unredacted format as the communications did not implicate any privilege).

Accordingly, that portion of Plaintiffs' motion is granted. The Nassau County Defendants are directed to review the redacted documents produced and produce those documents with the only portions redacted that reflect privileged information, and a privilege log must be produced.

### B. Emails, Text Messages, and Written Communications

Plaintiffs contend that the Nassau County Defendants "document production did not contain emails, text messages, or other written communications between *two or more individuals* working for Nassau, nor did such document production contain emails, text messages, or written communications between *one or more individuals* working for Nassau and one or more individuals working for Suffolk." (ECF No. 57 at p. 3) (emphasis added). As such, counsel for Plaintiffs request "that the Court order [the Nassau County Defendants] to produce such relevant emails, text messages, or other written communications or affirm that no such relevant emails, text messages, or other written communications ever existed." (*Id.* at p. 4.)

Plaintiffs, however, neglect to identify the *individuals*, nor does the demand provide sufficient detail or particularity as to what messages, emails, or "other communications" are being sought.  Absent this fundamental information, the Court is hamstrung and unable to determine whether this request falls within Rule 26's ambit of relevancy and proportionality, a burden Plaintiffs bear as the party seeking disclosure. *See Foxmind Canada Enters. Ltd. v. YOYO Lip Gloss, Inc.*, No. 22-cv-05349 (HG), 2023 WL 3431828, at *1 (E.D.N.Y. Apr. 20, 2023). Accordingly, that branch of Plaintiffs' motion is denied.

### C. Document Request XXVII

Plaintiffs next contend that the Nassau County Defendants did not produce documents responsive to Plaintiffs' Document Request  XXVII which seeks "[r]ecords within the Employment file of the individually named Defendants: (a) [t]raining Certifications/certificates;

(b) [d]isciplinary records; (c) [a]wards; (d) [p]hone numbers and emails associated with the each said Employee; [and] (e) [d]ates of hire and separation/termination. (*See* ECF No. 57 at p. 4; *see also* ECF No. 57-1 at p. 9.)

Plaintiffs assert causes of action for, *inter alia*, negligent hiring and retention. (ECF No. 1 at pp. 26-27.) Indeed, each request in Document Request XXVII seeks information particularly relevant to this cause of action considering each category bears upon whether the individually named Defendant is qualified to perform its daily job duties, whether the individual possesses the skills to diligently investigate the misconduct alleged here, whether the individual has either been recognized for strong job performance or whether the individual has been disciplined, and whether those individuals were even employed during the relevant time period of the misconduct in this action. *See Henry v. Hess*, No. 11 Civ. 2707 (KMK) (GAY), 2012 WL 4856486, at *1 (S.D.N.Y. Oct. 12, 2012) (ordering defendant to produce its "employment application and related documents" and "[a]ll training and course completion documents" because they are documents "reasonably calculated to lead to the discovery of admissible evidence" to support plaintiffs claims of negligent hiring and retention); *see also Defaria v. Coleman*, No. 22-cv-1859 (AEK), 2025 WL 903765, at *5-6 (S.D.N.Y. Mar. 24, 2025) (illustrating that certifications and disciplinary actions during the times of employment are relevant to a claim of negligent hiring and retention). Accordingly, that branch of Plaintiffs' motion is <u>granted</u>.

### D.  <u>Documents Relating to SCR Case ID 28187771 Opened Against Lotrean</u>

Plaintiffs request that the Nassau County Defendants produce "all documents within Nassau's possession, custody, or control concerning SCR Case ID 28187771 and/or concerning any report made to SCR on 1/11/2023 alleging that Ms. Lotrean and/or Dwight Bruno abused or maltreated a child." (ECF No. 57 at pp. 5-6.) SCR Case ID 28187771 refers to the case number

generated after Defendants, as Plaintiffs contend, reported Lotrean to the New York Statewide Central Register of Child Abuse and Maltreatment in January of 2023 for allegedly abusing and/or mistreating a child. (*Id.* at p. 4.) Plaintiffs aver that the 28187771 case was opened as a result of Nassau and/or Suffolk contacting SCR at or around January 11, 2023 and falsely accusing Lotrean as one who abused or maltreated a child. (*See id.* at pp. 4-5.)

The documents concerning case ID 28187771 are clearly relevant to Plaintiffs' allegation that the "individual Defendants undertook . . . punitive and threatening measures against Plaintiffs to retaliate against the Plaintiffs for making further complaints and/or about H.B.'s abuse." (ECF No. 1 at ¶ 159.) Indeed, Plaintiffs specifically aver that:

> Ms. Nealy, Tracy Aull, Nassau County Child Protective Services, Nassau County Defendants *retaliated against Jennette* by their preparation, submission, of a report to the New York Statewide Central Register of Child Abuse and Maltreatment against Jennette, and used their power to make said claims and reports in an effort to silence and subdue her reporting to said defendants.

(*Id.* at ¶ 133) (emphasis added).

Obtaining documents within Nassau County Defendants' possession, custody, or control would undoubtedly shed light on the reasoning behind case 28187771, and why it was generated. This information is likely to also provide details supporting the allegations being made within that case, and would clarify whether or not the Nassau County Defendants *did* in fact act, as Plaintiffs aver, punitively and in a retaliatory manner. *See Matalavage v. Sheriff of Niagara County*, No. 20-cv-1254, 2023 WL 2043865, at *16 (W.D.N.Y. Feb. 16, 2023) (finding the documents requested were relevant to plaintiff's claims of retaliation because they may include admissions supporting plaintiff's claims in the complaint). Therefore, Nassau County Defendants shall produce all documents within their possession, custody, or control that concern SCR

8

Case ID 28187771 and/or concern any report made to SCR on 1/11/2023 alleging that Ms. Lotrean and/or Dwight Bruno abused or maltreated a child.

Plaintiffs also request that the Nassau County Defendants "be ordered to affirm that they have produced all documents responsive to Plaintiffs' Document Requests 76 and 77 and all documents concerning SCR ID 28187771 upon making their supplemental document production." (ECF No. 57 at p. 6.) Document request No. 76 seeks "[c]orrespondences and/or Communications/notifications/reports and/or complaints made by the Nassau Defendants to SCR, which resulted in Case ID. 2818771 being assigned or opened against [Lotrean]," and document request No. 77 seeks "[t]he Nassau Defendants complete file re: SCR Case ID 28187771. (ECF No. 57-1 at pp. 20-21.) Accordingly, upon the supplemental document production with respect to Case ID 28187771, the Nassau County Defendants are directed to serve upon Plaintiffs a so-called *Jackson* Affidavit[4] detailing: (i) that a thorough search has been conducted where the documents would likely reside, (ii) the results of the search, and (iii) an explanation of where and how the documents would have been maintained.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (ECF No. 57) is **GRANTED** in part and **DENIED** in part as follows:

(i)     Plaintiffs' motion as to the production of the redacted documents is granted such that the Nassau County Defendants shall review the redacted documents and produce those documents redacted only to reflect privileged information, and produce a privilege log reflecting the redacted portions;

(ii)     Plaintiffs' motion seeking the emails, text messages, or other written communications is denied;

---

[4] A "*Jackson* affidavit" refers to an affidavit or declaration filed by a party that claims that the documents sought do not exist. The affidavit derives its name from a New York State case *Jackson v. City of New York*, 586 N.Y.S.2d 952 (App. Div. 1st Dep't 1992).

(iii)    Plaintiffs' motion to compel production with respect to Document Request XXVII is granted; and

(iv)    Plaintiffs' motion seeking production of documents with Nassau County Defendants' possession, custody, or control concerning SCR Case ID 28187771 and/or concerning any report made to SCR on 1/11/2023 alleging that Ms. Lotrean and/or Dwight Bruno abused or maltreated a child is granted. Upon this supplemental production, Nassau County Defendants are directed to serve upon Plaintiffs a *Jackson* Affidavit detailing that a thorough search has been conducted, the results of that search, and an explanation of where and how the documents would have been maintained.

All production in accordance with this Order shall be completed no later than **November 7, 2025**, and the end date of all fact discovery is extended to and including **December 18, 2025**. This will be the **<u>final extension of the fact discovery deadline in this case</u>**. The parties shall file a joint status report on or before **December 12, 2025**, as to whether there will be experts in this case. If there will be experts in this case, the Court will set an expert discovery schedule. If not, then deadlines for Summary Judgment and the filing of the Joint Pre-Trial Order will be set in accordance with the Individual Practices for Civil and Criminal Cases of the Hon. Sanket J. Bulsara.

In light of the fact that Attorney LaGreca has represented she was leaving the County Attorneys' office on September 5, 2025 (ECF No. 57, at p. 2), the Clerk of Court is directed to mail a copy of this Order upon Nassau County Attorney Thomas Adams on or before **October 17, 2025**, and note such service on the docket.

Dated: Central Islip, New York
      October 8, 2025

**S O   O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
