UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
H.B. *by his mother and natural guardian Jennette Lotrean*, and JENNETTE LOTREAN,

        *Plaintiffs*,

    -against-

THE COUNTY OF SUFFOLK, *et al.*,

        *Defendants*.
------------------------------------------------------------X

FILED
CLERK

12/17/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

24-cv-07067 (SJB) (JMW)

**A P P E A R A N C E S:**

    Peter E. Sverd
    **Law Offices of Peter Sverd, PLLC**
    255 Broadway, Suite 613
    New York, NY 10007

    Jon Alec Stockman
    **The Law Office of Jon A. Stockman**
    11 Broadway, Suite 615
    New York, NY 10004
    *Attorneys for Plaintiffs*

    Steven V. Dalton[1]
    **Nassau County Attorneys' Office**
    262 Old Country Road
    Mineola, NY 11501
    *Attorney for Nassau County Defendants*

---

[1] Deputy County Attorney Steven V. Dalton authored the opposition yet neither he nor or anyone on behalf of the Nassau County Defendants has filed an appearance on this case since the departure of Victoria LaGreca on September 5, 2025. The Nassau County Defendants are hereby directed to have counsel file an appearance on or before December 24, 2025.

1

> *"Quo usque tandem abutere, Catilina, patientianostra? . . . Quem as finem sese effrenata iactabit audacia?"* [2]

**WICKS,** Magistrate Judge:

Plaintiff H.B., by his mother and natural guardian Jennette Lotrean, and Jennette Lotrean (collectively "Plaintiffs") commenced the underlying action on October 18, 2024 asserting causes of action against the Suffolk County Defendants[3] and Nassau County Defendants[4] for: (i) conspiracy to violate Plaintiffs civil rights against individual defendants in their official capacities as employees of the Town of Suffolk County and the County of Nassau, (ii) fabrication of evidence/denial of the right to a fair trial against individual Defendants employed by the County of Nassau, (iii) fabrication of evidence/denial of the right to a fair trial against individual Defendants employed by the County of Suffolk, (iv) malicious abuse of process against individual Defendants employed by the County of Suffolk and the County of Nassau, (v) the right to petition against individual Defendants, and (vi) negligent retention hiring. (ECF No. 1 at pp. 21-28.)

The parties are now before the Court, pursuant to Federal Rule of Civil Procedure 37, on Plaintiffs' motion for discovery sanctions against the Nassau County Defendants for their failure

---

[2] "How long, Cataline, will you abuse our patience? . . . To what end will your unbridled effrontery toss itself about?" Cicero in *The First Oration Against Cataline* (63 B.C.) delivered in the Roman Senate.

[3] The "**Suffolk County Defendants**" are comprised of: the County of Suffolk, Suffolk County Commissioner of Social Services Frances Pierre, CPS Senior Caseworker Leslie *Krieger Individually and in her Official Capacity*, Caseworker Ida Santos *Individually and in her Official Capacity*, Caseworker Ashley Lawrence *Individually and in her Official Capacity*, Senior Caseworker Heidi Lobianco *Individually and in her Official Capacity*, CPS Supervisor/Bureau Chief Dennis Nowak *Individually and in her Official Capacity*, Suffolk County Detective John Barrios *Special Victims Unit Individually and in his Official Capacity*, CPS Supervisor/Bureau Chief Traci Barnes *Individually and in her Official Capacity*, and Caseworker Ashley Burke *Individually and in her Official Capacity*.

[4] The "**Nassau County Defendants**" are comprised of: the County of Nassau, Nassau County Department of Social Services, Nancy Nunziata *Commissioner, Individually and in her Official Capacity*, Mary Nealy *Supervisor Nassau County Attorney's Office Individually and in her Official Capacity*, and Tracy Aull *CPS Agent Individually and in her Official Capacity*.

2

to produce discovery directed by this Court's October 8, 2025 Order which was based on their failure to respond to Plaintiffs' Second Request for Production ("RFP") and Second Set of Interrogatories that Plaintiffs served on August 29, 2025. (*See* ECF No. 64.) Specifically, Plaintiffs seek sanctions in the form of striking Nassau County Defendants' Answer and Affirmative Defenses, that Plaintiffs be afforded leave to move for a default judgment against the Nassau County Defendants, and that adverse findings of fact be made by the Court in support of Plaintiffs' underlying claims. (*See id.* at pp. 1-2.) The Nassau County Defendants oppose. (ECF No. 71.)

For the reasons that follow, Plaintiffs' motion (ECF No. 64) is **GRANTED.** The Nassau County Defendants are hereby sanctioned. The Nassau County Defendants are directed to reimburse Plaintiffs the costs and attorneys' fees associated with bringing the prior motion to compel. Although the Nassau County Defendant's conduct during the course of discovery is inexcusable, it does not rise to the level that justifies the striking of pleadings, moving for default, or drawing an adverse inference.

## BACKGROUND

The Court assumes the parties' familiarity with the facts underlying this action as set forth in this Court's October 8, 2025 Order granting in part and denying in part Plaintiffs' motion to compel discovery from the Nassau County Defendants. *See H.B. by Lotrean v. County of Suffolk*, No. 24-cv-07067 (SJB) (JMW), 2025 WL 2855355 (E.D.N.Y. Oct. 8, 2025). The Court, therefore, focuses on the background germane to the current dispute.

On September 9, 2025, Plaintiffs requested that the Nassau County Defendants: (i) reproduce certain documents with less redactions, (ii) produce messages and communications from certain individuals working for Nassau County, (iii) produce documents relevant to Plaintiffs'

3

negligent retention hiring claim, and (iv) produce documents relating to a separate Child Abuse and Maltreatment report. *See id.* at *2. The Nassau County Defendants did not oppose this motion and, on October 8, 2025, the Court ruled on Plaintiffs' motion to compel as follows:

> Plaintiffs' motion as to the production of the redacted documents is granted such that the Nassau County Defendants shall review the redacted documents and produce those documents redacted only to reflect privileged information, and produce a privilege log reflecting the redacted portions;
>
> Plaintiffs' motion to compel production with respect to Document Request XXVII is granted; and
>
> Plaintiffs' motion seeking production of documents with Nassau County Defendants' possession, custody, or control concerning SCR Case ID 28187771 and/or concerning any report made to SCR on 1/11/2023 alleging that Ms. Lotrean and/or Dwight Bruno abused or maltreated a child is granted.

*Id.* at *5.

The Court directed that "[a]ll production in accordance with this Order [] be completed by November 7, 2025 . . . ." *Id.*

That same day, the parties appeared for a Status Conference to address additional discovery disputes. (*See* Electronic Order dated October 8, 2025.) During this Conference, Plaintiffs raised that the Nassau County Defendants never responded to Plaintiffs Second RFP and Second Interrogatories which were both served on the Nassau County Defendants August 29, 2025. (*See* ECF No. 64-1, 64-2; *see also* ECF No. 64 at p. 3.) During this October 8 Conference, the Court directed the Nassau County Defendants to serve responses by October 22, 2025.  They did not.

Because the Nassau County Defendants did not timely comply, counsel for Plaintiffs emailed counsel for the Nassau County Defendants on October 23, 2025 warning that Plaintiffs would move for sanctions if responses were not produced by October 29, 2025. (*See id.*; *see also* ECF No. 64-3.) Attorney Matthew Rozea responded in "less than an hour" explaining that the

4

attorney handling this case for the Nassau County Defendants, Mr. Klopman, "unexpectedly and without notice resigned from our office today" and the Nassau County Defendants were put "in an untenable situation but one that I'm sure we can resolve." (ECF No. 64 at p. 4.) Counsel for Plaintiffs and Mr. Rozea spoke the next day and Plaintiffs agreed to "give the Nassau Defendants a little more time before seeking sanctions, but [he] needed to touch base on 10/29/25." (*Id.*) Since this communication, Plaintiffs' counsel has not "heard from anyone representing the Nassau Defendants . . . ." (*Id.*) Plaintiffs' counsel reached out on October 29, 2025 inquiring into the status of the RFP and Interrogatory responses, but no attorney for the Nassau County Defendants responded. (*See id.*)

According to Plaintiffs, to date, the Nassau County Defendants have neither produced the discovery required by this Court's October 8, 2025 Order nor have they responded to Plaintiffs' Second RFP and Interrogatories. (*See id.* at pp. 3-4.) It is this failure that Plaintiffs contend is "willful" and "completely inexcusable and warrants the harshest discovery sanctions available." (*Id.* at pp. 4, 5.)

The Nassau County Defendants oppose arguing that their conduct was not willful, their noncompliance has not been "inordinately long in duration" and the "County has not received an adequate warning that noncompliance could result in sanctions." (ECF No. 71 at p. 2.) The Nassau County Defendants sheepishly concede that "discovery is incomplete in this case" and that the "delays are unacceptable" but note that they are "willing to meet whatever reasonable timeline for discovery the Court is willing to set as an alternative to the imposition of sanctions." (*Id.* at pp. 2, 4.)

5

## **THE LEGAL FRAMEWORK**

"The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021) (noting that "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information") (internal quotation and citation omitted). With this discretion, the Court is granted a panoply of options once it is determined that discovery sanctions are warranted. "Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances -- potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. CV176499 (ADS)(AKT), 2019 WL 2436239, at *5 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019).

When a party has exhibited misconduct that warrants sanctioning, but the misconduct is not as offensive as to warrant striking of the answer and entering default, courts will impose other, less draconian sanctions. *See e.g.*, *Abante Rooter & Plumbing, Inc.* 2019 WL 2436239, at *6. ("[T]he Court concludes that a default judgment as a sanction under Rule 37 would not be appropriate in the instant circumstances. However ... in the absence of any justification for [Defendant's] conduct, it is clear to the Court that some form of sanction under Rule 37 is appropriate"); *Airlines Reporting Corp. v. Grecian Travel, Inc.*, 170 F.R.D. 351 (E.D.N.Y. 1995) ("Here, [Defendant's] actions do not quite reach the level where such extreme sanctions should be imposed ... [Defendant's] dilatory behavior warrants an order compelling discovery").

6

The Rules authorize sanctions in the form of "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designate claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii). Moreover, pursuant to Fed. R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Under this provision, sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" in addition to "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(3).

It is within this framework that the Court considers Plaintiffs' motion for sanctions.

## DISCUSSION

    i.    *The Nassau County Defendants' Non-Compliance with the Court's Orders Warrants Sanctions Under Rule 37*

"The two predicates to the imposition of sanctions under Rule 37(b) are (1) a 'court order directing compliance with discovery requests," and (2) "non-compliance with that order[.]'" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d 345, 356 (S.D.N.Y. 2023) (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15 Civ. 3533 (CM) (BCM), 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)). "A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the Federal Rules of Civil Procedure." *Stavola v. Macro Digital Tech. Corp.*, No. 24-cv-00026 (GRB) (JMW), 2025 WL 2466991, at *1 (E.D.N.Y. Aug. 27, 2025) (quoting *Allied 100, LLC v. Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021)).

7

Here, the Nassau County Defendants admittedly failed to comply with this Court's October 8, 2025 Order by not providing any of the documents directed therein by November 7, 2025. (*See* ECF No. 64 at p. 3.) Similarly, the Nassau County Defendants admittedly failed to respond to Plaintiffs Second RFP's and Interrogatories despite being initially provided them on August 29, 2025, being resent the documents on October 7, 2025, and being ordered by this Court to produce the responses on or before October 22, 2025. (*See id.*; *see also* ECF No. 61 at p. 1.) As of the date of Plaintiffs' motion, the Nassau County Defendants have not produced any of this ordered discovery. *See McNamee v. Clemens*, No. 09 CV 1647 (SJ), 2014 WL 12775660, at *4 (E.D.N.Y. Jan. 30, 2014) (finding defendant's decision not to produce responsive documents in violation of the court's order amounted to sanctionable conduct). This slugabed, foot-dragging approach to discovery obligations runs afoul of Rule 1's admonition that the rules should be construed "to secure the just, speedy, and inexpensive determination of every action," and will not be countenanced.

Accordingly, finding that sanctionable conduct exists, the Court's next function is to fashion an appropriate remedy. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d at 360 (analyzing whether monetary sanctions are appropriate after determining defendants failed to comply with prior courts orders).

    ii.    <u>Monetary Costs and Expenses Incurred in Bringing the Motion to Compel are Appropriate</u>

Rule 37(a)(5) explicitly provides that if a motion to compel is granted, "the court must ... award reasonable motion expenses incurred in making the motion." *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37(a)(5)(A)). An award of reasonable expenses, however, is not appropriate where the movant filed the motion before a good faith meet and confer, the nondisclosure was "substantially

8

justified," or "other circumstances make an award of expenses unjust." *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377 (citing Fed. R. Civ. P. 37(a)(5)(A)(i)—(iii)). Similarly, pursuant to Rule 37(b)(2)(C), if a party disobeys an order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, the Court granted Plaintiffs' motion to compel. *See H.B.*, 2025 WL 2855355, at *4, *5. Further, the imposition of costs is proper considering counsel for Plaintiffs was forced to expend time and resources (*i.e.*, through meeting and conferring with Defendants' counsel numerous times, resending RFP's and Interrogatories, and filing the motion to compel) to secure the aforementioned responses that should have been disclosed previously. *See Stavola v. Macro Digital Tech. Corp.*, No. 24-cv-00026 (GRB) (JMW) , 2025 WL 2240297, at *7 (E.D.N.Y. Aug. 6, 2025) (granting motion to compel discovery responses and determining an award of attorneys fees was appropriate in light of the time spent meeting with opposing counsel, addressing extensions of time to respond to interrogatories, and filing the motion to compel); *see also Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162-63 (S.D.N.Y. 2012) (ordering plaintiff to pay reasonable attorneys fees and costs incurred in making the motion to compel and costs associated with the additional discovery). Moreover, counsel for the Nassau County Defendants points to no "substantial justification" or "other circumstances" as to why an award of costs and fees incurred in bringing the motion to compel is unjust. *See Sadowski v. Yeshiva World News, LLC*, No. 21-cv-7207 (AMD) (MMH), 2023 WL 6812273, at *2 (E.D.N.Y. Oct. 16, 2023) (determining plaintiff was entitled to reasonable attorney's fees for bringing a motion to compel where there was "nothing to suggest" substantial justification or

9

"that any other circumstances exist that would make an award of fees unjust") (quoting *Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-394 (CM) (JW), 2023 WL 3294277, at *3 (S.D.N.Y. May 5, 2023)). Accordingly, Plaintiffs are entitled to reasonable attorneys' fees and expenses incurred in bringing the prior motion to compel. Counsel for Plaintiffs is directed to submit a declaration or affidavit setting forth the basis for costs and attorneys' fees, with the appropriate supporting documentation.

      iii.    *Plaintiffs are not Entitled to Sanctions of Striking the Answer, Moving for Default Judgment, or Adverse Findings*

Counsel for Plaintiffs seeks "the harshest discovery sanctions available," in the form of striking Nassau County Defendants' Answer and Affirmative Defenses, moving for a default judgment against the Nassau County Defendants, and that the Court make certain adverse findings of fact relating to the heart of Plaintiffs' claims. (ECF No. 64 at p. 1.) The specific adverse findings are:

- On 1/11/2023, the Nassau Defendants made a report against Jennette Lotrean to the New York Statewide Central Register of Child Abuse and Maltreatment ("SCR") that Jennette Lotrean abused and maltreated HB. Said report caused SCR to open SCR Case No. 28187771 against Ms. Lotrean;

- The Nassau Defendants made the aforementioned 1/11/2023 report against Ms. Lotrean to the SCR in retaliation for Ms. Lotrean exercising her first amendment right to petition;

- The Nassau Defendants made the aforementioned 1/11/2023 report in an effort to silence and subdue her reporting to said defendants;

- The Nassau Defendants made the aforementioned 1/11/2023 report with no reason to believe Ms. Lotrean abused or maltreated a child

(*Id.* at p. 2.)

The sanction of striking a defendant's answer and entering a default is severe. Such a dramatic sanction is only appropriate "in the most extreme cases," typically after a showing of

10

willfulness or bad faith on the part of the noncompliant party is made. *Abante Rooter & Plumbing, Inc.*, 2019 WL 2436239, at *5; *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 119 (S.D.N.Y. 2018) ("Striking an answer, like dismissal or entry of default, is a drastic remedy generally to be used only when the district judge has considered lesser alternatives ... and it is only appropriate if failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned.")

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d at 360 (citation omitted). Oftentimes too, the striking of an answer or entry of default is imposed where the discovery misconduct is repetitive and spans over a lengthy period. *See Park v. Sancia Healthcare, Inc.*, No. 17 Civ. 720 (NSR) (JCM), 2019 WL 6831382, at *3 (S.D.N.Y. July 22, 2019) (collecting cases striking an answer where parties "repeatedly failed to follow the court's discovery orders" and engaged in a "pattern" of not responding to discovery requests), *report and recommendation adopted*, 2019 WL 4736181 (E.D.N.Y. Sept. 27, 2019).

On the other hand, striking an answer and permitting default is not an appropriate where, like here, defendants have made some efforts to produce the discovery, but the non-production was due to circumstances beyond the defendants' control. *See e.g., Volpe v. Ryder*, No. 19-cv-02236 (JMA) (JMW), 2022 WL 4329475, at *4-5 (E.D.N.Y. Sept. 19, 2022) (awarding attorneys fees and costs for discovery violations after the motion to compel was granted, but declining to strike the answer or enter default against defendants, where defendants represented that they have made efforts to obtain the requested discovery but the delayed production was due to delays

by outside entities tending to "other pressing investigations"); *see also Abusikin v. City of New York*, No. 18-CV-4582 (ATK) (NF), 2020 WL 3547773, at *7 (S.D.N.Y. May 27, 2020), *report and recommendation adopted*, 2020 WL 3546882 (S.D.N.Y. June 30, 2020) (awarding a monetary sanction, rather than default or dismissal, where plaintiff conceded he did not comply with the court's order but had a "reasonable explanation" as to why).

  Here, the Nassau County Defendants admit that they have delayed discovery in this case. (*See* ECF No. 71 at p. 4.) They blame their delayed production, however, on circumstances beyond their control—the unexpected departure from the lead attorney on this matter followed by the "indefinite medical leave" of replacement counsel. (*Id.* at p. 2.) Additionally, after being reminded of the deficient discovery production, counsel for the Nassau County Defendants assured Plaintiffs that the assigned attorney would be turning over the documents and responses. (*See* ECF No. 64-2.) Further, the delay has been for roughly three weeks—hardly the "pattern" of discovery misconduct arising to the severe sanctions requested. Lastly, the Nassau County Defendants assured the Court that upon Mr. Carnevale's return from leave, this case would be "prioritized" and that they would assuredly comply with these outstanding demands. (ECF No. 71 at pp. 2-3.) Accordingly, the Court finds that striking the Answer and permitting Plaintiffs to move for default to be too severe a sanction under the circumstances presented.

  Plaintiffs also request that the Court make adverse factual findings against the Nassau County Defendants. (*See* ECF No. 64 at p. 1.) An adverse finding is also considered "an extreme sanction and should not be given lightly." *Williams v. New York City Transit Auth.*, No. 10 CV 08822 (ENV), 2011 WL 5024280, at *11 (E.D.N.Y. Oct. 19, 2011) (quoting *Zubulake v. UBS Warburg L.L.C.*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). An adverse factual finding is typically awarded where parties engage in "willful noncompliance" and "dilatory tactics for over one

12

year," *see Prudential Ins. Co. of Am. V. Kowalski*, No. 3:21-cv-00541 (VAB), 2024 WL 4653136, at *11-12 (D. Conn. Nov. 1, 2024), or where the failure to produce evidence was done with "gross negligence or ordinary negligence." *Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc.*, 212 F.R.D 94, 105 (E.D.N.Y. 2002). Conversely, an adverse finding is not appropriate where, like here, Plaintiffs have not demonstrated sufficient prejudice resulting from the failure to produce discovery and the Nassau County Defendants did not act with a sufficiently culpable mental state. *See FDIC v. Horn*, No. CV 12-5958 (DRH) (AKT), 2015 WL 1529824, at *16 (E.D.N.Y. Mar. 31, 2015). Here, as noted above, the Nassau County Defendants have not willfully evaded their discovery obligations.

      Moreover, making adverse findings is inappropriate where, like here, doing so would establish determinative issues in this case. Plaintiffs assert causes of action for, *inter alia*, the right to petition, retaliation, and denial of a fair trial stemming from Lotrean's repeated, yet unanswered attempts to report and prevent the alleged sexual incidents from occurring to H.B. (*See* ECF No. 1 at pp. 21-28.) As such, Plaintiffs seek damages for the injuries resulting from the Defendants acts, omissions, recklessness, corruption, and/or dereliction of duty. (*Id.* at p. 28.) Because making the requested adverse factual findings goes towards "ultimate determinative issues" in this case, this sanction is inappropriate. *See Chen v. Thai Greenleaf Restaurant Corp.*, No. No. 21-cv-01382 (MKB) (JMW), 2025 WL 1519145, at *9 (E.D.N.Y. May 28, 2025) (denying motion for discovery sanctions seeking an adverse instruction because the requested sanction would establish a claim asserted in the Amended Complaint); *see also Sagax Dev. Corp. v. ITrust S.A.*, No. 19-cv-3386 (RA) (KNF), 2021 WL 5360121, at *10 (S.D.N.Y. Nov. 17, 2021) (refusing to order the requested adverse findings of fact because "deeming the facts designated by the plaintiff [as] established . . . would be tantamount to entering judgment").

13

Accordingly, striking the Nassau County Defendants' Answer, permitting Plaintiffs to move for default against the Nassau County Defendants, and making certain adverse findings against the Nassau County Defendants are not appropriate sanctions under the circumstances.

## CONCLUSION

For the reasons stated herein, Plaintiffs' motion for discovery sanctions (ECF No. 64) is **GRANTED**. In addition,

1. Counsel for Plaintiffs is directed to submit an attorneys' affidavit or declaration setting forth the basis for costs and attorney's fees, with the appropriate supporting documentation, on or before **December 30, 2025**;

2. The Nassau County Defendants are directed to appear through counsel by filing an appearance on or before **December 24, 2025;**

3. The Clerk of Court is directed to mail a copy of this Order upon Nassau County Attorney Thomas Adams on or before **December 23, 2025**, and note such service on the docket; and

4. Any opposition to the fees requested shall be filed on or before **January 13, 2025.**

Dated:   Central Islip, New York
 December 17, 2025

**S O   O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge
