FILED
CLERK
10:14 am, Jan 15, 2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

H.B. *by his mother and natural guardian Jennette Lotrean*, and JENNETTE LOTREAN,

        *Plaintiffs*,

      -against-

THE COUNTY OF SUFFOLK, *et al.*,

        *Defendants*.
----------------------------------------------------------------X

**ORDER**

24-cv-07067 (SJB) (JMW)

**A P P E A R A N C E S:**

    Peter E. Sverd
    **Law Offices of Peter Sverd, PLLC**
    255 Broadway, Suite 613
    New York, NY 10007

    Jon Alec Stockman
    **The Law Office of Jon A. Stockman**
    11 Broadway, Suite 615
    New York, NY 10004
    *Attorneys for Plaintiffs*

    Steven V. Dalton
    **Nassau County Attorneys' Office**
    262 Old Country Road
    Mineola, NY 11501
    *Attorney for Nassau County Defendants*

**WICKS,** Magistrate Judge:

Plaintiff H.B., by his mother and natural guardian Jennette Lotrean, and Jennette Lotrean (collectively "Plaintiffs") commenced the underlying action on October 18, 2024 asserting

causes of action against the Suffolk County Defendants[1] and Nassau County Defendants[2] for: (i) conspiracy to violate Plaintiffs civil rights against individual defendants in their official capacities as employees of the Town of Suffolk County and the County of Nassau, (ii) fabrication of evidence/denial of the right to a fair trial against individual Defendants employed by the County of Nassau, (iii) fabrication of evidence/denial of the right to a fair trial against individual Defendants employed by the County of Suffolk, (iv) malicious abuse of process against individual Defendants employed by the County of Suffolk and the County of Nassau, (v) the right to petition against individual Defendants, and (vi) negligent retention hiring. (ECF No. 1 at pp. 21-28.)

On December 17, 2025, this Court granted Plaintiffs' motion for discovery sanctions against the Nassau County Defendants for their failure to produce discovery in accordance with this Court's October 8, 2025 Order granting Plaintiff's motion to compel. *See H.B. by Lotrean v. County of Suffolk*, No. 24-cv-07067, 2025 WL 3653499, at *1, *7 (E.D.N.Y. Dec. 17, 2025) ("December Order"). Specifically, in the December Order, the Court determined that "Plaintiffs are entitled to reasonable attorneys' fees and expenses incurred in bringing the prior motion to compel" and directed counsel for Plaintiffs to "submit an attorneys' affidavit or declaration

---

[1] The "**Suffolk County Defendants**" are comprised of: the County of Suffolk, Suffolk County Commissioner of Social Services Frances Pierre, CPS Senior Caseworker Leslie *Krieger Individually and in her Official Capacity*, Caseworker Ida Santos *Individually and in her Official Capacity*, Caseworker Ashley Lawrence *Individually and in her Official Capacity*, Senior Caseworker Heidi Lobianco *Individually and in her Official Capacity*, CPS Supervisor/Bureau Chief Dennis Nowak *Individually and in her Official Capacity*, Suffolk County Detective John Barrios *Special Victims Unit Individually and in his Official Capacity*, CPS Supervisor/Bureau Chief Traci Barnes *Individually and in her Official Capacity*, and Caseworker Ashley Burke *Individually and in her Official Capacity*.

[2] The "**Nassau County Defendants**" are comprised of: the County of Nassau, Nassau County Department of Social Services, Nancy Nunziata *Commissioner, Individually and in her Official Capacity*, Mary Nealy *Supervisor Nassau County Attorney's Office Individually and in her Official Capacity*, and Tracy Aull *CPS Agent Individually and in her Official Capacity*.

2

setting forth the basis for costs and attorney's fees, with the appropriate supporting documentation . . . ." *Id.* at *5, *7.

Before the Court is Plaintiffs' motion for attorneys' fees and costs[3] requesting a total of $2,200 in connection with the motion to compel. (ECF No. 75.) Though afforded the opportunity to oppose this motion, counsel for the Nassau County Defendants chose not to do so. *See H.B.*, 2025 WL 3653499, at *7. For the following reasons, Plaintiffs' motion (ECF No. 75) is **GRANTED** and attorneys' fees are awarded in the total amount of $2,200.

## DISCUSSION

Having already determined that attorneys' fees and expenses incurred in bringing the prior motion to compel is the appropriate discovery sanction under Rule 37 for the Nassau County Defendants' non-compliance with the October 8, 2025 motion to compel, the Court must determine the reasonable fee to be awarded to Plaintiffs' counsel. *See Stavola v. Macro Digital Tech. Corp.*, No. 24-cv-00026 (GRB) (JMW), 2025 WL 2466991, at *1 (E.D.N.Y. Aug. 27, 2025) (finding plaintiff was entitled to fees incurred in bringing the prior motion to compel before analyzing the reasonableness of the requested fees).

"Where Rule 37 expenses are awarded they must be reasonable. A reasonable award reflects the result of the 'lodestar' analysis, i.e., the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours spent on the tasks for which expenses are sought." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the

---

[3] Although Plaintiffs' motion seeks "attorneys' fee[s] and costs" (ECF No. 75, Stockman Decl. at ¶ 1), no detail or support was submitted as to "costs," but only as to attorneys' fees. Accordingly, although attorneys' fees are awarded, there is no award for costs.

3

minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted).

"The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys' fees, "excessive, redundant or otherwise unnecessary hours" will be excluded. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

"Additionally, the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed." *Jackson*, 602 F. Supp. 3d at 356. Here, Plaintiffs' counsel has complied with this requirement considering it submitted an invoice reflecting hours spent spanning from October 24, 2025 to December 27, 2025, indicating the amount of hours expended, listing a description for each task billed for, and noting the attorney performing the work and at the respective hourly rates.

4

      **i.**      <u>**Reasonable Hourly Rate**</u>

Here, Plaintiffs' counsel requests the Court award $2,200 reflecting the work spent by one attorney, Jon A. Stockman. (*See* ECF No. 76, Sverd Decl. at ¶ 4.) Jon Stockman is of-counsel to the Law Offices of Peter Sverd, PLLC and has practiced plaintiff-side employment work for over twelve years. (*See* ECF No. 75, Stockman Decl. at ¶¶ 3, 12, 13.) His hourly rate is $400.00. (*Id.* at ¶ 14.) Taking into account Stockman's substantial employment litigation experience, his hourly rate of $400.00 is well within the range of fee applications when compared to other cases in this District, and is thus reasonable. *See, e.g. Mendez v. Sam Natural Deli Corp.*, No. 25-cv-1692 (BMC), 2025 WL 3089308, at *2 (E.D.N.Y. Nov. 5, 2025) (concluding $400 per hour for an "of counsel" was reasonable in the employment litigation context); *Doe v. Olive Leaves, Inc.*, No. 18-CV-5734 (HG) (TAM), 2024 WL 3048373, at *18 (E.D.N.Y. Feb. 16, 2024) (noting that $400 per hour is a reasonable rate for "experienced attorneys" in employment cases); *Todaro v. Siegel Fenchel & Peddy, P.C.*, 697 F. Supp. 2d 395, 399 (E.D.N.Y. 2010) (holding that $400 per hour was a reasonable rate for an attorney with over ten years of employment litigation experience).

      **ii.**      <u>**Reasonable Hours Billed**</u>

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In this determination, "[t]he relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). As such, courts consider

attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017).

Here, Jon Stockman spent 5.5 hours from October 24, 2025 to December 27, 2025 communicating with counsel for the Nassau County Defendants about their non-production, researching appropriate discovery sanctions under Rule 37, preparing the motion to compel and motion for discovery sanctions, and filing the appropriate motion papers, exhibits, and documents with the Court. (*See* ECF No. 75-1); *see Local 3621, EMS Officers Union, DC-37 v. City of New York*, No. 18-cv-4476 (LJL), 2022 WL 832025, at *6 (S.D.N.Y. Mar. 21, 2022) (awarding attorneys fees after concluding ten hours was a reasonable amount of hours spent in preparing a motion to compel). Further, each description is detailed enough so as to specify the description of the work performed, and the Court finds there to be no redundant, excessive, or otherwise unnecessary time entries. The Court, therefore, find that 5.5 hours expended to be reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees (ECF No. 75) is **GRANTED** in the amount of $2,200.00. The Nassau County Defendants are hereby directed to remit payment in that amount to Jon Stockman on or before **January 30, 2026**.

Dated:   Central Islip, New York
         January 15, 2026

                                    S O  O R D E R E D:

                                    /s/ *James M. Wicks*
                                       JAMES M. WICKS
                                    United States Magistrate Judge